UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JASMINE BROWN, *individual and on behalf of all
other similarly situation*,

                              Plaintiff,

             -against-

**ORDER**

CV 19-0569 (JS) (AKT)

WALMART, INC.,

                              Defendant.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

On December 20, 2019, counsel for Plaintiff Jasmine Brown ("Plaintiff") filed a letter motion entitled "Memorandum in Opposition" [DE 31], asserting that he was responding to Defendant Walmart, Inc.'s ("Defendant") request for a pre-motion conference [DE 30] since the Defendant sought to move to dismiss the Complaint.[1]  However, the bulk of Plaintiff's submission consists of a request for leave to amend the Complaint. *See* DE 31.  The Court points out that based on Plaintiff's submission [DE 31], Judge Seybert terminated the Defendant's request for a pre-motion conference [DE 30] and instead referred Plaintiff's letter motion to amend to this Court for a decision. *See* December 20, 2019 Electronic Order.

---

[1] The Court notes that it implemented a limited discovery schedule based on Defendant's July 26, 2019 representation that it contemplated filing a motion to dismiss instead of an Answer by August 14, 2019. *See* DE 16.  Defendant did not proceed with the filing of a motion to dismiss and instead, on August 14, 2019, filed an Answer to Plaintiff's Complaint. *See* DE 17.  On December 13, 2019, Defendant advised the Court of its intention to file a motion for judgment on the pleadings on the same basis it would have moved to dismiss Plaintiff's Complaint.

Plaintiff's letter motion acknowledges Plaintiff's failure to attach a proposed Amended Complaint.  *See* DE 30.  Plaintiff's counsel states that, in attempt to timely respond to Defendant's pre-motion conference request under Judge Seybert's Individual Rules, he did not have sufficient time to draft and attach a proposed Amended Complaint.  *See id*.; *see also Ackermann v. N.Y.C. Dep't of Info. Tech. & Telecomms*., No. 09–CV–2436, 2010 WL 1172625, at *1 (E.D.N.Y. Mar. 24, 2010) ("[A]ny motion to amend must attach the proposed amended complaint specifying the new claims and/or defendants [the plaintiff] intends to add."); *La Barbera v. Ferran Enterprises, Inc*., No. 06-CV-2678, 2009 WL 367611, at *3 (E.D.N.Y. Feb. 10, 2009) ("In order to meet the requirements of particularity in a motion to amend, a complete copy of the proposed amended complaint must accompany the motion so that both the Court and the opposing party can understand the exact changes sought.").  Accordingly, Plaintiff's letter motion is DENIED at this time, without prejudice.

A week after Judge Seybert referred DE 31 to this Court, Defendant's counsel filed a letter responding to DE 31.  *See* DE 32.  Presumably, counsel believed she had the right to respond to DE 31, pursuant to Judge Seybert's 7-day response rule, notwithstanding the fact that Judge Seybert had already terminated Defendant's request for a pre-motion conference and had referred the matter to this Court.  Defendant's counsel sets forth various complaints described as "deficiencies of Plaintiff's Motion" and argues that based on those deficiencies, Defendant has not had an opportunity to respond fully to the merits of the motion.  *See* DE 32.

Having reviewed the submissions, this Court rules as follows:

1. By January 15, 2020, Plaintiff shall provide to Defendant's counsel a copy of his proposed Amended Complaint, in regular format, as well as in a red-lined format working from the original Complaint; if Plaintiff's counsel intends to remove Jasmine Brown as the Plaintiff, counsel must include the specific name of the individual Plaintiff whom counsel seeks to substitute here and shall further

2

      provide a brief explanation to Defendant's counsel as to who the new plaintiff is and what connection he/she has to the allegations in this case.

2. Defendant shall have one week, until January 22, 2020, to review the proposed Amended Complaint to determine whether the Defendant can consent to the filing of the Amended Complaint without motion practice; Defendant's counsel shall inform Plaintiff's counsel no later than January 23, 2020 of Defendant's decision. If Defendant consents, then the parties are required to file an appropriate Stipulation to that effect on ECF by January 27, 2020.

3. If Defendant is unable to consent to the filing of the proposed Amended Complaint, then the parties shall observe the following briefing schedule on Plaintiff's anticipated motion to amend:

- Plaintiff's opening papers and memorandum of law must be served and filed by February 3, 2020;

- Defendant's opposition papers and memorandum of law must be served and filed by February 25, 2020;

- Plaintiff's reply, if any, must be served and filed by March 4, 2020.

**SO ORDERED.**

Dated: Central Islip, New York
       January 3, 2020

                                            /s/ A. Kathleen Tomlinson
                                            A. KATHLEEN TOMLINSON
                                            United States Magistrate Judge