ATTORNEYS AT LAW

321 NORTH CLARK STREET
SUITE 2800
CHICAGO, IL 60654
312.832.4500 TEL
312.832.4700 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
312.832.5395
jwallace@foley.com EMAIL

February 25, 2020

**VIA ECF**

The Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    <u>*Brown et. al. v. Walmart Inc.*, Case No. 2:19-cv-00569 (JS)(AKT)</u>
             <u>Request for Pre-Motion Conference</u>

Dear Judge Seybert:

      We represent Defendant Walmart Inc. ("Walmart") in the above-referenced matter. We write to request a pre-motion conference and to set forth the principal bases for Walmart's proposed motion to dismiss for failure to state a claim.

      According to the First Amended Complaint ("FAC"), Plaintiffs claim that Walmart's Great Value honey graham crackers ("Products") statement of identity, "honey graham crackers," creates an erroneous impression that the Products contain "a predominant amount of whole grain graham flour" and together with use of "Made with Real Honey" and "a jar of honey and a honey dipper" misleadingly represents that the Products contain more honey than sugar. FAC. ¶¶ 1, 3, 6 and 41. Plaintiffs allege claims for consumer fraud and false advertising in violation of New York General Business Law ("GBL") §§ 349 and 350, and state law negligent misrepresentation, breach of express and implied warranty of merchantability, fraud, and unjust enrichment and breach of the Magnuson-Moss Warranty Act. Each of these causes of action fails as a matter of law and should be dismissed.

      In order to state a claim for consumer fraud in violation of GBL §§ 349 and 350, Plaintiffs must establish that Walmart's use of "graham crackers," "honey graham crackers" and "made with real honey" were "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). This burden is not met by the unique views of the plaintiff. *Cohen v. JPMorgan Chase & Co.*, 498 F. 3d 111, 126 (2d Cir. 2007). Rather, the Court must "draw on its judicial experience and common sense" to determine whether a plausible claim of deception has been stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 194 (E.D.N.Y. 2018) ("[a] reasonable consumer does not lack common sense").

      The Federal Food and Drug Administration ("FDA") requires that a common or usual name for a food be used on the label. *See* 21 CFR 101.3(a); 21 CFR 102.5; and https://www.fda.gov/downloads/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/UCM265446.pdf (identifying "vanilla wafers" as an example common name for a product). This type of product, namely a long, flat, sweet, crunchy, rectangular cracker, has been sold under the common or usual name "graham crackers." Plaintiffs nowhere allege "graham cracker" is not the Products' common or usual name. Accordingly, the Products comply with FDA regulations and Plaintiffs' claims are preempted.

| BOSTON | JACKSONVILLE | MILWAUKEE | SAN DIEGO | TALLAHASSEE |
| BRUSSELS | LOS ANGELES | NEW YORK | SAN FRANCISCO | TAMPA |
| CHICAGO | MADISON | ORLANDO | SHANGHAI | TOKYO |
| DETROIT | MIAMI | SACRAMENTO | SILICON VALLEY | WASHINGTON, D.C. |

4845-6895-4037

Plaintiffs ignore that "graham crackers" is the common or usual name for the Products, and their allegations that "graham crackers" means graham flour is the predominant or exclusive flour component, as opposed to white flour, or "graham crackers" means "whole grain" or implies the presence of nutrients associated with whole grains, such as fiber, are just not plausible. Plaintiffs merely speculate that a substantial number of reasonable consumers would interpret "graham crackers" to have the same idiosyncratic meanings which Plaintiffs claim to give it, without even pleading that consumers understand "graham" is a type of whole wheat flour, let alone a type used in the Products.

Here, Walmart simply uses the common or usual name "graham crackers" to describe its Products, a name that has been used for decades to describe similarly formulated food items. Even if the use of "graham" in "graham cracker" could be construed to be ambiguous as to the Products' grain content, courts have readily found that context matters for such ambiguous statements, and additional information on the product label can defeat a claim. *Fink*, 714 F3d at 741; *Solak v. Hain Celestial Grp., Inc.*, No. 17-704, 2018 WL1870474 (N.D.N.Y. Apr. 17, 2018) (dismissing claims that vegetable images on product were deceptive, finding any potential ambiguity about vegetable content was cured by ingredient list); *In re 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation*, 348 F. Supp. 3d 797 (N.D. Ill. 2018) (dismissing claim against '100% Grated Parmesan Cheese' as ambiguous and stating "consumers who interpret ambiguous statements in an unnatural or debatable manner do so unreasonably if an ingredient label would set them straight"). Here, not only have Plaintiffs pled no factual support for their idiosyncratic claims, the ingredient list dispels any potential ambiguity by clearly identifying the flour content of the Products. *Id.* Based on these facts, this case is readily distinguishable from the claims at issue in *Mantikas v. Kellogg Company*, 910 F.3d 633 (2d Cir. 2018). Specifically, in *Mantikas*, the Second Circuit held the plaintiffs had plausibly alleged that the label claim "Made with Whole Grain" suggested whole grains were the predominant ingredient in Cheez-It crackers, when they were not. Here, in contrast, Defendant makes no such claim about the Product's grain content, and instead simply calls the Products by their common or usual name "graham crackers."

Plaintiffs' claim that the use of "honey" is misleading is also preempted. The FDCA explicitly permits manufacturers to use the common or usual name of a characterizing flavor on the label panels, as well as "direct or indirect representations ... by word, vignette ... or other means" on the label, labeling or advertising of a food. 12 CFR § 101.22(i). Plaintiffs do not dispute that honey is present in the Products in an amount sufficient to be a flavor, and that it is functioning as a flavor. Therefore, use of "honey" and depictions regarding honey on the package are permitted and Plaintiffs' claim is preempted.

Plaintiffs' "made with real honey" claim is also implausible. Plaintiffs concede that the claim is true. It is unreasonable to assume that any substantial number of consumers would understand the claim to mean honey, rather than sugar, is the primary or exclusive sweetener. Moreover, if there is any ambiguity in the claim, the ingredient list would cure any confusion. *Watson v. Kellogg Sales Co.*, 1:19-cv-01356, Dkt. No. 30 (S.D.N.Y. Oct. 15, 2019) (dismissing claim "honey" flavored graham cracker product was deceptive because the product also contained sugar); *Reyes v. Crystal Farms Refrig. Distrib. Co.*, No. 18-2250, 2019 WL 3409883, at *3 (E.D.N.Y. July 26, 2019) (dismissing claim "made with real butter" was deceptive because potatoes also contained margarine).

Additionally, Plaintiffs' claim that honey misleadingly darkens the Product's color, is devoid of any factual support and should be dismissed. Color is not an indicator of whole grain, as even lighter colored products can be whole grain. https://www.mayoclinic.org/healthy-lifestyle/nutrition-and-

Page 3

healthy-eating/expert-answers/whole-wheat-bread/faq-20057999. Also, and to the extent Plaintiffs base any claims solely on Defendant's alleged violation of FDA regulations, they have misinterpreted the statutory requirements and do not have standing to bring such claims under New York law. *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 376–77 (S.D.N.Y. 2014) ("the FDCA does not authorize private causes of action.").

**Plaintiffs' other claims are also fatally deficient:**
- Under the economic loss rule, Plaintiffs' negligent misrepresentation claim cannot survive. A plaintiff who has "suffered economic loss, but not personal or property injury" may not recover in tort if non-tort causes of action and remedies are available. *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015) (citation and internal quotation marks omitted).
- Plaintiffs' unjust enrichment claim is barred by New York law as duplicative of Plaintiffs' other claims. *See Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim.")
- Plaintiffs' breach of express warranty fails, because Plaintiffs do not "provide factual allegations, as opposed to conclusory statements" or allege notice of the claim to Defendant "within a reasonable time after discovering it." *Petrosino v. Stearn's Products, Inc.*, 16-CV-7735 (NSR), 2018 WL 1614349, at *8 (S.D.N.Y. Mar. 30, 2018).
- Plaintiffs' breach of implied warranty claim fails for not pleading that the Products were "unfit to be consumed," *Brumfield v. Trader Joe's Co.*, No. 17-3239, 2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018).
- Plaintiffs' Magnuson-Moss Warranty Act ("MMWA") claim fails because the MMWA only applies to warranties, not product descriptions, and, *e.g.* "graham crackers," does not represent the products are "defect free" or "meet a specified level of performance over a specified period of time." 15 U.S.C. § 2301(d)(3)(A); *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 377-79 (S.D.N.Y. 2014) (citing 15 U.S.C. § 2301(6); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 965-66.
- Plaintiffs' claim for fraud fails because Plaintiffs fail to allege any facts showing the necessary fraudulent intent. *See Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018) (Neither simple knowledge that a statement is false, nor a "generalized motive to satisfy consumers' desires [or] increase sales and profits is sufficient to establish fraudulent intent.").
- Plaintiffs lack standing to seek injunctive relief. They have "necessarily become aware of the alleged misrepresentations" and there is "no danger that they will be again be deceived by them." *See Davis*, 297 F. Supp. 3d at 339 (internal citations and quotations omitted).

      Under the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780-81 (2017), non-resident class members cannot establish personal jurisdiction in a venue in they are not residents. Specifically, the Supreme Court held that the California district court in that case lacked personal jurisdiction over claims of non-California resident plaintiffs who did not purchase and were not injured by the subject product in California. As for purchases made outside of New York, courts have made clear that such claims are barred by *Bristol-Myers Squibb*. *See, e.g., Spratley v. FCA US LLC*, No. 17-62, 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017) (applying *Bristol-Myers*, "the Court lacks specific jurisdiction over the out-of-state Plaintiffs' claims" when they "have shown no connection between their claims and Chrysler's contacts with New York").

Page 4

                                                      Respectfully submitted,
                                                        /s/Jaclyne D. Wallace

                                                           Jaclyne D. Wallace

cc: All Counsel of Record (via ECF)